UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MOREH J. BUCHANAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:14CV2002 RLW |
| EMC MORTGAGE/J.P. MORGAN CHASE, | ) |  |
| Defendants, | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this lawsuit pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, asserting that defendant EMC Mortgage/J.P.Morgan Chase failed to deal fairly with him relating to a mortgage held on a property located at 10153 Royal Dr., St. Louis MO. Plaintiff asserts that he is bringing this lawsuit on behalf of "the Estate of Beverly G. Buchanan." He additionally makes claims under Missouri state law for breach of contract, fraud, gross negligence and intentional infliction of emotional distress. Plaintiff seeks $25 billion in damages.

Plaintiff's claims are somewhat difficult to articulate, however, it appears that he is complaining that defendant held a mortgage on the property located on Royal Drive, that was previously owned by plaintiff's mother, Beverly Buchanan. Plaintiff asserts that after his mother died he was allegedly supposed to be named "beneficiary" on the home. He states that there was a small balance owed on the house at the time of his mother's passing, and in 2004, when he attempted to contact defendant by telephone to discuss the mortgage situation, he was told that defendant would only speak with the beneficiary "Ray." Plaintiff states that he initially hired an attorney to "deal with the real estate issues," but that he felt that he was "taken" by the attorney, who later died.

Plaintiff states that defendant mailed him a letter regarding RESPA, and when he sought information from defendant, defendant complied within the 30-day response time. However, plaintiff asserts that defendant "failed to comply with the 60-day settlement agreement."

**Discussion**

The Real Estate Settlement Procedures Act ("RESPA") provides plaintiffs with a private right of action if a loan servicer fails to respond to a qualified written request for information about a loan. 12 U.S.C. § 2605(e). Under RESPA, following the receipt of a qualified written

request, a loan servicer shall "after conducting an investigation, provide the borrower with a written explanation or clarification that includes (i) information requested by the borrower ...; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower." 12 U.S.C.A. § 2605(e)(2)(C).

To make out a claim under § 2605(e), a plaintiff must allege sufficient facts to "show: (1) that the servicer failed to comply with the statute's [qualified written request] rules; and (2) that the plaintiff incurred 'actual damages' as a consequence of the servicer's failure." *Jones v. Bank of New York*, CIV.A. 12–11503–RWZ, 2013 WL 3728382, at *5 (D.Mass. July 12, 2013) (citing *Okoye v. Bank of New York Mellon*, CIV. A. No. 10–11563–DPW, 2011 WL 3269686, at * 17 (D.Mass. July 28, 2011)); *O'Connor v. Nantucket Bank*, CIV. 13–11350–PBS, 2014 WL 198347, at *8 (D.Mass. Jan. 16, 2014).

Based on plaintiff's own assertions, defendant responded appropriately when plaintiff requested information under the statute. It appears that plaintiff has taken issue, however, with the fact that a "settlement agreement" was not offered to plaintiff by defendant. The Court believes that plaintiff's claims rely on a misunderstanding of the term "settlement services," as defined by the statute.

The term "settlement services," as defined by RESPA, includes:

> any service provided in connection with a real estate settlement including, but not limited to, the following: title searches, title examinations, the provision of title certificates, title insurance, services rendered by an attorney, the preparation of documents, property surveys, the rendering of credit reports or appraisals, pest and fungus inspections, services rendered by a real estate agent or broker, the origination of a federally related mortgage loan (including, but not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans), and the handling of the processing, and closing or settlement.

12 U.S.C. § 2602(3). Thus, "settlement services" relate to closing costs associated with fees and services assessed during home buying, not costs associated with unpaid mortgages. Plaintiff appears to believe that defendant was obligated by statute to offer to "settle the unpaid mortgage account," pursuant to the regulations associated with RESPA. That is simply not the law.

Based on the facts outlined in plaintiff's own complaint, the Court finds no evidence of a RESPA violation by defendant. Moreover, the Court notes that RESPA limits an individual's damages for violations of its qualified written request requirements to "actual damages. *See, e.g. Hintz v. JP Morgan Chase Bank, N.A.,* 686 F.3d 505, 510 (8th Cir.2012). Plaintiff has not alleged that he suffered actual damages as a result of any failure by defendants to response appropriately to his qualified written request. Rather, he has requested damages in an amount of $25 billion. As such, plaintiff has failed to state a cause of action under RESPA, and his federal claim will be dismissed. *See id.* (RESPA claim based on lack of response to qualified written request was appropriately dismissed when the plaintiff failed to plead actual damages).

The Court notes that plaintiff's remaining claims before this Court are conclusory state law claims relating to his dealings with EMC/Chase over an unpaid mortgage. As there are no federal claims currently pending before this Court, the Court will decline to exercise supplemental jurisdiction over these conclusory claims and dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's RESPA claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's remaining state law claims will be dismissed, pursuant to 28 U.S.C. § 1367(c)(3), as the Court declines to exercise supplemental jurisdiction over these claims.

A separate Order of Dismissal will be filed forthwith.

Dated this 15th day of December, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE